United States District Court
District of Massachusetts

|  |  |
|---|---|
| THOMAS HARRY JR. and GRETCHEN C. HARRY,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTRYWIDE HOME LOANS INC., et al.<br><br>    Defendants. | Civil Action No.<br>16-10765-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the possible foreclosure of the property located at 89 Pimlico Pond, Mashpee, Massachusetts ("the property"). Plaintiff's amended emergency motion for a temporary restraining order or injunctive relief is pending before the Court.

**I. Background**

Thomas Harry, Jr. and Gretchen Harry (collectively "plaintiffs") took title to the property in 2002. In November, 2005, plaintiffs refinanced their mortgage with a loan of approximately $245,000 from Countrywide Home Loans, Inc. ("Countrywide") that was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). Bank of America, N.A. ("BANA") was the original servicer of the loan.

In October, 2011, MERS assigned the mortgage to the Bank of New York Mellon, f/k/a the Bank of New York as Trustee for the Certificate holders of CWABS, Inc. Asset-backed Certificates, Series 2005-17 ("BNY Mellon") which then retained Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC ("Ditech") to service the loan.

In plaintiffs' view, Countrywide engaged in predatory lending practices by filling out the loan application without input from plaintiffs and because it knew that plaintiffs lacked sufficient income or assets to warrant the refinancing. Plaintiffs further allege that Countrywide used bait and switch tactics regarding the interest rate and that they were never notified of their right to rescind.  Plaintiffs submit that they made payments on the note from January, 2006 through November, 2009.

In August, 2011, plaintiffs received a letter from Harmon Law Offices ("Harmon") which stated that Harmon had been instructed to foreclose on their property on behalf of BNY Mellon.  In November, 2011, Harmon filed a complaint on behalf of BNY Mellon in the Massachusetts Land Court Department of the Trial Court.  Plaintiffs acknowledge that by at least December, 2011 they were represented by counsel.

In February, 2014, Ditech provided plaintiffs with a notice of default.  In March, 2015, Harmon again notified plaintiffs

that it was going to foreclose on the property on behalf of BNY Mellon and Ditech. On March 20, 2015, plaintiffs sent a notice of rescission under TILA, 15 U.S.C. § 1635.

Then in September, 2015 Harmon yet again served plaintiffs with a notice of foreclosure, and in March, 2016 plaintiffs filed a complaint in Massachusetts Superior Court seeking, <u>inter alia</u>, quiet title, to have the note declared null and void, to have the mortgage "released" (presumably meaning discharged), to have their TILA rescission enforced and to recover damages. The Massachusetts Superior Court allowed an ex parte motion for the filing of a lis pendens that same month. In April, 2016 defendants BANA, Countrywide and Bank of America Corporation ("BAC") removed the case to the United States District Court for the District of Massachusetts on the basis of federal question jurisdiction.

On or about September 27, 2016, Ditech issued a notice of foreclosure sale to plaintiffs. On October 14, 2016, plaintiffs filed an emergency motion for a temporary restraining order or preliminary injunction to prevent Harmon, which is not a named party, from selling the property. On October 17, 2016, plaintiffs filed an amended motion asking the Court to enjoin BNY Mellon and Ditech instead of Harmon. That motion on which a hearing was held on October 18, 2016 is the subject of this memorandum and order.

## II. Plaintiff's Motion for a Preliminary Injunction

Plaintiffs move for a preliminary injunction to prevent the mortgage foreclosure sale of the property.

### A.   Legal Standard

In order to obtain a preliminary injunction, the moving party must establish 1) a reasonable likelihood of success on the merits, 2) the potential for irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) the effect on the public interest. Jean v. Mass. State Police, 492 F.3d 24, 26-27 (1st Cir. 2007).  Out of these factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales." Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).

The Court may accept as true "well-pleaded allegations [in the complaint] and uncontroverted affidavits." Rohm & Haas Elec. Materials, LLC v. Elec. Circuits, 759 F. Supp. 2d 110, 114, n.2 (D. Mass. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 350, n.1 (1976)).  The Court may also rely on otherwise inadmissible evidence, including hearsay, in deciding a motion for preliminary injunction. See Asseo v. Pan American Grain Co., Inc., 805 F.2d 23, 26 (1st Cir. 1986).  Ultimately, the issuance of preliminary injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir.

2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).

**B.  Application**

**1. Likelihood of Success**

Plaintiffs' amended complaint alleges 11 counts based on different causes of action.  In the motion for injunctive relief, plaintiffs specifically state that they are seeking relief based on their claims brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Debt Claims Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA") and for rescission pursuant to TILA and slander of title as well as "all other claims . . . in the Amended Complaint."

Plaintiffs have failed to demonstrate that they are likely to succeed on the merits with respect to any of those claims because they are time-barred or are inapplicable to this case. The alleged injury occurred when plaintiffs refinanced their mortgage in November, 2005.

For civil RICO claims, the statute of limitations ("SOL") expires

> four years after the plaintiff discovers or should have discovered the injury.

In re Celexa & Lexapro Mktg. & Sales Practices Litig., 65 F. Supp. 3d 283, 289 (D. Mass. 2014).  Plaintiffs first filed their

RICO claim in March, 2016, over ten years after the purported injury.  The SOL for a slander of title claim is three years, so that claim faces a SOL problem as well. See Harrington v. Costello, 467 Mass. 720, 724-25, 7 N.E.3d 449, 453 (2014).

The FDCPA covers debt collection which is distinct from the enforcement of a security interest at issue in this case. Speleos v. BAC Home Loans Servicing, L.P., 824 F. Supp. 2d 226, 233 (D. Mass. 2011).  Even if plaintiffs had a valid FDCPA claim, the SOL for such a claim is one year. Brown v. Bank of America, Nat. Ass'n., 67 F. Supp. 3d 508, 518 (D. Mass. 2014).

As for plaintiff's TILA rescission claim, a borrower may rescind a loan under TILA if the lender fails to make certain disclosures and the borrower's home provides the collateral for the loan. In re Sheedy, 801 F.3d 12, 19 (1st Cir. 2015).  Even assuming that the lender failed to make adequate disclosures under TILA, the right of rescission expires three years after the transaction. Id. at 19-20.  Moreover, plaintiffs' assertion that their TILA rescission claim automatically voided the contract is erroneous. See Large v. Conseco Fin. Servicing Corp., 292 F.3d 49, 54-55 (1st Cir. 2002).

Plaintiffs' bare assertion that its other claims will succeed is also without merit.  Plaintiffs claim that defendants violated M.G.L. c. 266 and 268 but those are criminal statutes and do not support civil causes of action. See M.G.L. c. 266,

-6-

268; Urbon v. JPMorgan Chase Bank, N.A., No. 12-cv-10303-RWZ, 2013 WL 1144917, at *4 (D. Mass. Mar. 18, 2013).

Plaintiffs' claim under the Massachusetts Consumer Protection Act, M.G.L. ch. 93A ("Chapter 93A"), that purportedly derives from a violation of M.G.L. c. 283C, has expired because the SOL for a Chapter 93A claim is four years. Latson v. Plaza Home Mortg., Inc., 708 F.3d 324, 326-27 (1st Cir. 2013). Plaintiffs' additional TILA claims have also expired because the SOL for non-rescission TILA claims is one year, Mantz v. Wells Fargo Bank, N.A., No. 09-cv-12010-JLT, 2011 WL 196915, at *3 (D. Mass. Jan. 19, 2011), and their fraud claim has expired because the SOL for that claim is three years. M.G.L. c. 260 § 2A.

Even if plaintiffs' assertion that fraud occurred when Harmon first initiated foreclosure activities in August, 2011 is correct, the SOL has run on any such claim. Id.  Although the plaintiffs were represented by counsel by at least as early as December, 2011, they filed no claims until March, 2016 which was more than four years after foreclosure proceedings were initiated and outside the limitations period.

Furthermore, plaintiffs' claim that defendants are barred from enforcing the recorded mortgage because the SOL has run is a non-starter under the plain language of M.G.L. c. 260, § 33. That statue provides that a foreclosure proceeding is time-barred if more than five years have passed since the mortgage

has matured. An acceleration of payments due to a default by the maker of a promissory note does not "mature" a mortgage that secures such note. See Hayden v. Hsbc Bank USA, N.A., No. 16-cv-11492-DJC, 2016 WL 5746357, at *3 (D. Mass. Sept. 30, 2016). Because the term of the subject mortgage is 30 years, the SOL does not expire until 2040.

Finally, plaintiffs have not demonstrated that any of the SOLs should be tolled with respect to their claims. Although Massachusetts recognizes the doctrine of equitable tolling, it enforces it "only sparingly" and only if plaintiffs have demonstrated

> excusable ignorance of a filing deadline, dismissal of a prior timely action for defective pleadings, or deceptive misconduct by a defendant . . . .

Gauthier v. United States, No. 4:10-cv-40116-FDS, 2011 WL 3902770, at *6 (D. Mass. Sept. 2, 2011) (citing Shafnacker v. Raymond James & Assocs., Inc., 425 Mass. 724, 728 (1997)) (internal quotation omitted). Plaintiffs have not demonstrated such circumstances in this case.

The First Circuit Court of Appeals has recognized five factors to consider for equitable tolling:

> (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirement.

Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 48 (1st Cir. 2005) (internal quotation and citation omitted).  Plaintiffs have not shown that they exercised diligence in pursuing their rights.  Furthermore, defendants have been prejudiced because they have been forced to pay the taxes and insurance on the property for the approximately seven years during which plaintiffs have failed to make any mortgage payments.  Consequently, plaintiffs have not demonstrated that they are likely to succeed on their equitable tolling claims.

### 2. Other Factors

While the other requirements for injunctive relief may, in the abstract, favor plaintiffs, they do not overcome plaintiffs' unlikelihood of success.  Plaintiffs will no doubt be subject to significant harm if their residence is foreclosed upon and the hardship caused thereby would be greater than the hardship to which defendants would be subjected by an allowance of a preliminary injunction.

Nevertheless, plaintiffs are not entitled to injunctive relief because "[l]ikelihood of success on the merits is the critical factor in the analysis." Sankey v. Aurora Loan Servs., LLC, 757 F. Supp. 2d 57, 59 (D. Mass. 2010). See also Tuxworth v. Froehlke, 449 F.2d 763, 764 (1st Cir. 1971)("No preliminary injunction should be granted in any case unless there appears to be a reasonable possibility of success on the merits."); Weaver

-9-

v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)("In the ordinary course, plaintiffs who are unable to convince the trial court that they will probably succeed on the merits will not obtain interim injunctive relief."). Accordingly, the Court will deny plaintiffs' motion for injunctive relief.

## ORDER

In accordance with the foregoing, plaintiffs' motion for a preliminary injunction (Docket No. 83) is **DENIED**.

**So ordered.**

    /s/ Nathaniel M. Gorton
    Nathaniel M. Gorton
    United States District Judge

Dated October 18, 2016