United States District Court
District of Massachusetts

```
_____
                            )
THOMAS HARRY JR. and GRETCHEN C. )
HARRY,                      )
                            )
        Plaintiffs,         )
                            )      Civil Action No.
        v.                  )      16-10765-NMG
                            )
COUNTRYWIDE HOME LOANS INC., et )
al.                         )
                            )
        Defendants.         )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This case arises from a dispute concerning a mortgage on property located at 89 Pimlico Pond in Mashpee, Massachusetts ("the property"). A motion to dismiss filed by defendants Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC ("Ditech"), Mortgage Electronic Registration Systems, Inc. ("MERS") and the Bank of New York Mellon, f/k/a the Bank of New York as Trustee for the Certificate Holders of CWABS, Inc. Asset-Backed Certificates, Series 2005-17 ("BNY Mellon") is pending before the Court. For the reasons that follow, the motion will be allowed.

I. **Background**

Thomas Harry, Jr. and Gretchen Harry (collectively, "plaintiffs") took title to the mortgaged property in 2002. In

November, 2005, plaintiffs refinanced their property with a loan of approximately $245,000 from Countrywide Home Loans, Inc. ("Countrywide") that was secured by a mortgage in favor of MERS. Bank of America, N.A. ("BANA") was the original servicer of the loan. In October, 2011, MERS assigned the mortgage to BNY Mellon which then retained Ditech to service the loan.

In plaintiffs' view, Countrywide engaged in "predatory table funding lending" by using "bait [and] switch" tactics. Plaintiffs claim that Countrywide "induce[d] them into an alleged loan that they couldn't afford", charged "excessive" fees and never notified them of their right to rescind. They also allege that the "title documents" do not match "what actually happened on Wall Street's secondary market".

Plaintiffs further assert that the mortgage is void because, while the note and mortgage list the lender as "Countrywide Home Loans, Inc.", the United States Department of Housing and Urban Development Settlement Statement ("HUD Statement") describes the lender as "Countrywide Home Loans Corporation". As does the mortgage, the HUD Statement dates back to November, 2005 and is signed by plaintiffs. They also contest the assignment of the mortgage from MERS to BNY Mellon, contending that signatures by "illegal robo-signer[s]" render it void.

Plaintiffs admit that they made payments on the note only

-2-

from January, 2006 through November, 2009.

In August, 2011, plaintiffs received a letter from Harmon Law Offices ("Harmon") stating that Harmon had been instructed to foreclose on their property on behalf of BNY Mellon. In November, 2011 Harmon filed a complaint on behalf of BNY Mellon in the Massachusetts Land Court Department of the Trial Court. By December 23, 2011, plaintiffs had retained counsel who disputed the foreclosure.

In February, 2014, Ditech provided plaintiffs with a notice of default and in March, 2015, Harmon again notified plaintiffs that it was going to foreclose on the property on behalf of BNY Mellon and Ditech. Plaintiffs responded by sending a notice of rescission under the Truth in Lending Act, 15 U.S.C. § 1635 ("TILA"). Ditech, in turn, sent plaintiffs copies of various mortgage-related documents, including an unsigned loan application for $257,000. Plaintiffs assert that they did not complete that application and that it was part of a scheme to defraud them.

Thereafter, in September, 2015, Harmon yet again served plaintiffs with a notice of foreclosure, and in March, 2016, plaintiffs filed a complaint in Massachusetts Superior Court seeking, inter alia, quiet title, to have the note declared null and void, to have the mortgage "released", to have their TILA rescission enforced and to recover damages. The Massachusetts

-3-

Superior Court allowed an ex parte motion for the recording of a lis pendens that same month.  In April, 2016 defendants BANA, Countrywide and Bank of America Corporation removed the case to this Court on the basis of federal question jurisdiction.  In October, 2016, plaintiffs moved to enjoin BNY Mellon and Ditech from foreclosing on the property.  After a hearing on that motion, this Court denied it.

Defendants Ditech, MERS and BNY Mellon (collectively, "defendants") have now moved to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6).  That motion is the subject of this memorandum and order.

## IV.   Defedants Ditech, MERS and BNY Mellon's Motion to Dismiss

### A.   Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  A court may not disregard properly pled

-4-

factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Application**

Throughout their complaint, plaintiffs assert that their mortgage is void, the unsigned loan application for $257,000 proves that defendants committed fraud and the assignment of their mortgage contains signatures from illegal "robo-signers".

Plaintiffs' complaint also includes 11 specific counts based on 1) the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961-1965, et seq., 2) expiration of the statute of limitations, 3) the Massachusetts Consumer Protection Act, M.G.L. ch. 93A ("Chapter 93A"), 4) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., 5) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., 6) submitting false statements with respect to a loan application in violation of 18 U.S.C. § 1014, 7) TILA, 15 U.S.C. § 1601, et seq., 8) slander of title, 9)

-5-

fraud in the concealment, 10) rescission enforcement and quiet title and 11) lack of standing.

According to plaintiffs, the statutes of limitations should be equitably tolled with respect to all of their claims and therefore defendants are equitably estopped from raising statute of limitations defenses.

Defendants respond that, with the exception of the FDCPA and enforceability claims, all of plaintiffs' claims are time barred and that plaintiffs have failed plausibly to allege equitable tolling or estoppel.  In defendants' view, the FDCPA claim and enforceability claims also fail as a matter of law.

### 1. General Allegations Based on the HUD Statement, the Second Loan Application and Robo-Signing

First, plaintiffs claim that, because their HUD Statement mistakenly identified the lender as "Countrywide Home Loan Corporation" when the lender's correct name, as reflected on the note and mortgage, is "Countrywide Home Loans, Inc." the mortgage is void.  This contention is ludicrous.

First of all, defendants are attempting to enforce the mortgage, not the HUD Statement.  Second, clerical errors in forms tangential to a mortgage do not nullify the forms or the mortgage. See Kassner v. Chase Home Fin., LLC, No. 11-cv-10643-RWZ, 2012 WL 260392, at *4, *10 (D. Mass. Jan. 27, 2012) (finding a notice of the right to cancel form valid even though

it listed a different address than the one on the mortgage).
Third, the HUD Statement is signed by plaintiffs and dated
November 22, 2005.  Accordingly, as addressed below, the statute
of limitations has expired for any claims based upon the HUD
Statement.

Plaintiffs' claim that Countrywide cannot issue loans in
Massachusetts is untenable as well. See, e.g., Frappier v.
Countrywide Home Loans, Inc., No. 09-cv-11006-DJC, 2013 WL
1308602, at *1 (D. Mass. Mar. 31, 2013), aff'd, 750 F.3d 91 (1st
Cir. 2014) (finding that a mortgage that Countrywide issued in
Massachusetts was enforceable).

Plaintiffs' complaint also repeatedly refers to a second
loan application for $257,000 that was completed but never
signed.  Defendant Ditech sent that loan application, along with
other information, to plaintiffs in March, 2015.  Plaintiffs
allege that the unsigned application shows that defendants
committed fraud but that application is irrelevant to
plaintiffs' attempt to prevent the foreclosure on the valid
$245,000 mortgage.  As explained below, even if it were
relevant, claims based upon the $257,000 loan application are
also time-barred because it dates back to November, 2005.

Moreover, assuming arguendo, that the $257,000 loan
application was somehow pertinent to plaintiffs' claims, they
have failed plausibly to allege equitable tolling because

-7-

> equitable tolling is applicable only where the prospective
> plaintiff did not have, and could not have had with due
> diligence, the information essential to bringing suit.

Protective Life Ins. Co. v. Sullivan, 425 Mass. 615, 635 (1997).

Plaintiffs have been represented by counsel since December,

2011, and there is no evidence that defendants concealed the

loan application.  Indeed, they sent it to plaintiffs of their

own accord.  To obtain the application plaintiffs simply needed

to exercise "due diligence" in requesting the documents related

to their mortgage.  They failed to do so and, consequently, the

statute of limitations is not equitably tolled based on the

second loan application.

The second loan application is, nevertheless, troubling.

It is unclear whence it came or why it existed.  Yet plaintiffs

must state a plausible claim upon which relief can be granted to

survive a motion to dismiss and they have failed to do so with

respect to the $257,000 loan application.

The last general allegation involves recurring references

to "illegal robo-signers" throughout the complaint.  Plaintiffs

make the conclusory assertion that such signatures render the

assignment of the note to BNY Mellon void.  As the First Circuit

Court of Appeals has determined, "the bare allegation of 'robo-

signing' does nothing to undermine the validity of [an]

Assignment . . . ." Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d

1, 14 (1st Cir. 2014).  Thus, the allegations of robo-signing also fail to state a claim upon which relief can be granted.

### 2. Counts I Through XI

Taking the claims seriatim, defendants' contention that plaintiffs have failed to state claims upon which relief can be granted is correct.

First, plaintiff's RICO claim has expired.  The statute of limitations for a claim pursuant to RICO is

> four years after the plaintiff discovers or should have discovered the injury.

In re Celexa & Lexapro Mktg. & Sales Practices Litig., 65 F. Supp. 3d 283, 289 (D. Mass. 2014).  The basis of plaintiffs' claims is the mortgage that they granted in November, 2005, more than ten years before plaintiffs filed suit.  For that reason, Count I fails to state a claim upon which relief may be granted.

Second, plaintiffs' allegation that the statute of limitations has expired for defendants to foreclose on the mortgage is frivolous.  Pursuant to the plain language of M.G.L. c. 260 § 33, the right to foreclose expires five years after the mortgage matures.  Accordingly, because the mortgage had a 30-year term, the statute of limitations for enforcing it does not expire until 2040.

Plaintiffs' third claim is that defendants' acts violated M.G.L. c. 183C, 266 and 268, thus giving rise to a claim

pursuant to Chapter 93A.  The purported violations of M.G.L. c. 266 and 268 fail to state a claim because those are criminal statutes and do not support civil causes of action. <u>See</u> M.G.L. c. 266, 268; <u>Urbon</u> v. <u>JPMorgan Chase Bank, N.A.</u>, No. 12-cv-10303-RWZ, 2013 WL 1144917, at *4 (D. Mass. Mar. 18, 2013). Furthermore, any claim pursuant to Chapter 93A is time-barred because the statute of limitations for such claims is four years.  A decade has elapsed since plaintiffs signed the mortgage. <u>Latson</u> v. <u>Plaza Home Mortg., Inc.</u>, 708 F.3d 324, 326–27 (1st Cir. 2013).

In Count IV, plaintiffs allege that defendants BANA, BNY Mellon and Ditech violated the FDCPA, 15 U.S.C. § 1692 but plaintiffs have failed to state a claim with respect to the FDCPA for two reasons.  First, that statute covers debt collection, not the enforcement of a security interest such as a mortgage. <u>Speleos</u> v. <u>BAC Home Loans Servicing, L.P.</u>, 824 F. Supp. 2d 226, 232-33 (D. Mass. 2011).  Second, the statute of limitations for an FDCPA claim is one year so any claim based on that statute has long since expired. <u>Brown</u> v. <u>Bank of America, Nat. Ass'n.</u>, 67 F. Supp. 3d 508, 518-19 (D. Mass. 2014).

Plaintiffs' fifth and sixth claims allege violations of RESPA, 12 U.S.C. § 2601, and 18 U.S.C. § 1014.  Although those claims are brought against only defendant Countrywide, because defendants Ditech, MERS and BNY Mellon briefly address them in

their motion to dismiss, the Court will deal with them as well.
Plaintiffs' RESPA claim is time-barred because claims under that
statute expire after either one or three years. 12 U.S.C.
§ 2614; McDermott v. Mortg. Elec. Registration Sys., Inc., No.
08-cv-12121-GAO, 2009 WL 1298346, at *3 (D. Mass. May 11, 2009).
Plaintiffs have not stated a viable civil claim pursuant to 18
U.S.C. § 1014 because that is a criminal statute. 18 U.S.C.
§ 1014; see also Savini Constr. Co. v. Crooks Bros. Constr. Co.,
540 F.2d 1355, 1358 (9th Cir. 1974).

Counts VII and X allege violations of TILA, 15 U.S.C.
§ 1601.  Pursuant to TILA, a borrower may rescind a loan within
three years of its issuance if his principal dwelling provides
the collateral and the lender fails to make specified
disclosures. In re Sheedy, 801 F.3d 12, 19 (1st Cir. 2015).
Assuming, arguendo, that the lender failed to make the
disclosures required by TILA, the right to rescind terminated
three years after the transaction and thus seven years before
plaintiffs filed suit. Id. at 19-20.  Plaintiffs' contention
that their attempted TILA rescission automatically voided the
contract is also erroneous. Large v. Conseco Fin. Servicing
Corp., 292 F.3d 49, 54 (1st Cir. 2002) ("Neither the [TILA]
statute nor the regulation establishes that a borrower's mere
assertion of the right of rescission has the automatic effect of
voiding the contract.").

Plaintiffs also allege slander of title, Count VIII, and fraud in the concealment, Count IX.  According to plaintiffs, the slander of title first occurred when the mortgage was recorded and recurred when the 2011 assignment was signed by "illegal robo-signers".  The statute of limitations for a slander claim is three years, and thus, even if the claim arose in connection with the assignment, it has expired. See Harrington v. Costello, 467 Mass. 720, 724-25 (2014).

With respect to fraud in the concealment, that doctrine does not provide an independent cause of action.  Rather, it tolls the statute of limitations if

> the wrongdoer . . . concealed the existence of a cause of action through some affirmative act done with intent to deceive[.]

Abdallah v. Bain Capital LLC, 752 F.3d 114, 119-20 (1st Cir. 2014) (quoting Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 239 (1st Cir.2005)); see also M.G.L. c. 260 § 12.  The plaintiffs have alleged no active deception.  On the contrary, defendants willingly communicated with plaintiffs throughout the many years that elapsed between the purported misconduct and the filing of the complaint.

Furthermore, the doctrine of fraudulent concealment does not toll the statute of limitations if "the plaintiff has actual knowledge of the facts giving rise to his cause of action." Abdallah, 752 F.3d at 119-20 (quoting QLT, 412 F.3d at 239).

-12-

Plaintiffs had knowledge of the facts giving rise to their cause of action when they entered into the mortgage in November, 2005. Furthermore, they retained counsel to represent them with respect to the mortgage by December, 2011.  Accordingly, the doctrine of fraudulent concealment does not toll the statute of limitations for plaintiffs' claims.

Whether plaintiffs attempted to allege an independent count of fraud is unclear.  To the extent they did so, it is time-barred because fraud claims expire after three years in Massachusetts. Stolzoff v. Waste Sys. Int'l, Inc., 58 Mass. App. Ct. 747, 755 (2003).  Moreover, a fraud claim requires a showing that defendants 1) falsely represented material information, 2) did so knowingly, 3) with the intention of inducing reliance and 4) plaintiffs detrimentally relied upon it. Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, 471 (2009). Plaintiffs have not plausibly alleged that they relied to their detriment upon the mortgage, the loan application for $257,000 or the incorrect name in the HUD Statement.

Finally, Count XI asserts that defendants do not have standing to create a loan, collect money from plaintiffs or foreclose on the property because they committed fraud and the mortgage is void.  As reiterated above, plaintiffs have failed to state a viable fraud claim and the mortgage is not void. Accordingly, Count XI fails to state a claim.

-13-

### 3. Purported Tolling of Statutes of Limitations

Plaintiffs contend that the various statutes of limitations applicable to their claims are equitably tolled and that their claims are subject to equitable estoppel.

Plaintiffs are mistaken.  With respect to their Massachusetts claims, the Commonwealth recognizes the doctrine of equitable tolling only if the plaintiff could not have procured the information necessary for filing a claim with "due diligence." Sullivan, 425 Mass. at 635.  A plaintiff who wishes to rely on equitable tolling "will be held to a duty of reasonable inquiry." Id.

Plaintiffs have failed to meet those requirements.  They were represented by counsel as of December, 2011 demonstrating that, at the very latest, they were then aware of possible claims.  Plaintiffs should have exercised due diligence by asking defendants for documents related to the mortgage at that time.  They didn't, and furthermore, they delayed filing any claim until March, 2016, more than five years after they retained counsel and ten years after they granted the mortgage at issue.  Accordingly, equitable tolling does not apply to plaintiffs' claims.

As for the federal claims, the First Circuit Court of Appeals considers five factors for equitable tolling:

> (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirement.

Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 48 (1st Cir. 2005) (quoting Kelley v. N.L.R.B., 79 F.3d 1238, 1248 (1st Cir.1996)).  As noted above, plaintiffs did not exercise due diligence.  Nor have they demonstrated lack of notice or reasonableness in remaining ignorant of filing requirements.  Defendants have, however, been prejudiced because they have had to pay the taxes and insurance on the property for almost seven years while plaintiffs have failed to make any mortgage payments.  Consequently, plaintiffs have failed to state a plausible claim of equitable tolling under the federal standard.

With respect to plaintiffs' claim that equitable estoppel prevents defendants from asserting statutes of limitations as an affirmative defense, the elements of equitable estoppel are

> first, a material misrepresentation of a party who had reason to know of its falsity; second, reasonable reliance upon the misrepresentation; and third, some disadvantage to the party seeking to assert estoppel fairly traceable to the misrepresentation.

Falcone v. Pierce, 864 F.2d 226, 228 (1st Cir. 1988); see also Sullivan v. Chief Justice for Admin. & Mgmt. of Trial Court, 448 Mass. 15, 27-28 (2006).  Plaintiffs have not alleged that they

acted in reliance on the $257,000 loan application or the HUD
Statement.  Nor have they shown a disadvantage caused by a
misrepresentation.  On the contrary, plaintiffs occupied the
property without making payments on the mortgage for almost
seven years.  That is hardly a disadvantage.  In sum, plaintiffs
have failed plausibly to allege that the applicable statutes of
limitation should be tolled.


**ORDER**

For the foregoing reasons, the motion of defendants Ditech,
MERS and BNY Mellon to dismiss (Docket No. 40) is **ALLOWED**.


**So ordered.**


                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge

Dated November 30, 2016